IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KODY K. JOHNSON,

                              Petitioner,                    OPINION and ORDER

        v.
                                                              18-cv-453-jdp
STATE OF WISCONSIN,

                              Respondent.


Kody K. Johnson, appearing pro se, brings this petition for writ of habeas corpus, alleging that he was unlawfully charged with and detained for interference of child custody. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this pro se petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). After review of the petition with these principles in mind, I conclude that the petition must be dismissed.

I take Johnson to be saying that the state circuit court in Dane County case no. 2018CF420 did not have personal jurisdiction over him because he and his daughter were not actually in the state of Wisconsin during the time period that he was charged with interference

---

[1] Although Johnson says that he is bringing this habeas petition pursuant to Wisconsin legal authorities, this federal petition is properly brought under 28 U.S.C. § 2241. The petition is not brought under § 2254 because Johnson challenges his pretrial detention, but nonetheless, I will apply Rule 4 because § 2254 rules may be applied to other types of habeas cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

with child custody under Wis. Stat. § 948.31(2)—he took his daughter to Indiana. I also take him to be saying that he did not have the intent necessary to violate the statute, because he feared for his and his daughter's safety.

These arguments border on frivolous. Johnson does not deny that he was accused of frustrating his daughter's mother's custody in Wisconsin by taking his daughter to another state. But I need not reach the merits of his claims because the legality of his original charge and pretrial detention was mooted by his guilty plea to three counts of contempt of court under Wis. Stat. § 785.01(1)(b).[2] He is no longer being held in pretrial detention, so this court can no longer consider the petition. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot. In order for federal courts to retain jurisdiction over a case, there must be an "actual, ongoing controvers[y]," and the absence of one renders a case moot and deprives the court of subject matter jurisdiction." (citations omitted)). I will dismiss the case. If Johnson wants to challenge his current conviction or sentence, he will need to seek postconviction or appellate relief in the state courts.

Under 28 U.S.C. § 2253, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner in Johnson's circumstances. *See Evans v. Circuit Court of Cook Cty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). I cannot issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims

---

[2] An electronic record of Johnson's criminal proceedings is available at https://wcca.wicourts.gov.

debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). Although the habeas rules allow me to ask the parties to submit arguments about whether a certificate should issue, it is not necessary to do so in this case. For the reasons explained above, I conclude that Johnson has not made a showing, substantial or otherwise, that he meets the requirements for a certificate of appealability. Thus, I will not issue him a certificate. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1. Kody K. Johnson's petition for writ of habeas corpus is DENIED.

2. The clerk of court is directed to enter judgment in favor of respondent and close this case.

3. Johnson is DENIED a certificate of appealability.

Entered November 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge